WALLACE WILSON et al.

v.

THE AMERICAN PALACE CAR COMPANY OF NEW JERSEY et al.

[Filed October 20th, 1902.]

Where a plea to the jurisdiction has been filed and has been duly noticed and set down for argument at the next term, as required by section 20 of the Chancery act of 1902, the complainant is not entitled to move to strike out the plea under Rule 213, providing that any objection to a pleading may be made and adjudicated on motion without the filing of a demurrer or exceptions, and that the making of a motion under the rule shall be deemed a waiver of the right to demur or except.

On motion to strike out plea.

*Mr. Edward Q. Keasbey,* for the motion.

*Mr. Robert H. McCarter, contra.*

EMERY, V. C.

Three of the defendants to the bill have filed a plea to the jurisdiction of the court, and the plea has been duly noticed and set down for argument at the next term, as required by section 20 of the Chancery act of 1902. Complainant now moves, under Rule 213, to strike out the plea. The reasons relied on for striking out the plea are reasons which would, if well founded, entitle the complainant to an order at the hearing overruling the plea. The present application is therefore, for all practical purposes, a hearing on the validity of the plea, taking place on complainant's motion. Defendant claims that Rule 213 does not authorize this motion on behalf of complainant. The rule reads:

"Any objections to any pleading or any part thereof may be made and adjudicated upon motion, without the filing of a demurrer or exceptions. * * * The making of a motion under this rule shall be deemed a waiver of the right to demur or except."

It has always been held that a motion to strike out a demurrer could not be made under this rule, as the motion under the rule was one made in lieu of demurrer or exception. *Nolan* v. *Nolan* (Chancellor McGill, manuscript conclusions), referred to in *Stanbery* v. *Baker, 10 Dick. Ch. Rep. 270.* It is also held that a motion to strike out an answer cannot be made under the rule, as such motion is substantially a demurrer to the answer, and no such demurrer is recognized. *Doane, &c., Co.* v. *Essex Building and Land Co., 14 Dick. Ch. Rep. 142* (*Vice-Chancellor Stevens, 1899*); *Brill* v. *Mary A. Riddle Co., 47 Atl. Rep. 223, 224* (*Vice-Chancellor Grey, 1900*); *Haberman* v. *Kaufer, 15 Dick. Ch. Rep. 271, 275* (*Vice-Chancellor Grey, 1900*).

The present motion is, in effect, a demurrer to the plea or motion to overrule it for the reason that the plea sets up no defence, and the hearing of the motion is, in effect, as I have said, an argument of the plea. The only difference is that, on an argument of the plea, the defendant opens and closes (*1 Dan. Ch. Pr. (6th Am. ed.)* *694), while on this motion the complainant has this right. The decisions I have referred to settle that the right to object to a pleading by motion, given by the rule, was a privilege or choice given to the party who otherwise could only demur or except, and was in lieu of the demurrer or exception, and that it was not intended to introduce, for the benefit of the adverse party, a new right of demurrer or exception where no such previous right of demurrer or exception existed. The reason of these decisions govern this application, and I must hold that the complainant cannot, under Rule 213, substitute a motion to strike out a plea, for the hearing on the allowance of the plea, already noticed and set down by defendant, and the motion is denied for that reason, without considering the validity of the plea.